**NORTHGLENN LEASE VENTURE, Plaintiff–Appellant,**

v.

**John J. O'HAYRE, Fire Chief, West Adams County Fire Protection District, Commercial Federal Savings Bank, and Metro Hospitality Group, Inc., Defendants–Appellees.**

No. 94CA0755.

Colorado Court of Appeals, Div. III.

June 15, 1995.

As Modified on Denial of Rehearing Aug. 10, 1995.

Burrus & Colantuno, P.C., John E. Burrus, Englewood, for plaintiff-appellant.

Clanahan Tanner Downing & Knowlton, J. David Arkell, Dino A. Ross, Denver, for respondent-appellee John J. O'Hayre, Fire Chief, West Adams County Fire Protection Dist.

Bailey, Harring & Peterson, P.C., Randall M. Livingston, Denver, for respondent-appellee Commercial Fed. Savings Bank.

Parcel, Mauro, Hultin & Spaanstra, P.C., Randall G. Alt, Kimberly T. Lee, James L. Harrison, Denver, for respondent-appellee Metro Hospitality Group, Inc.

Opinion by Judge JONES.

Petitioner, Northglenn Lease Venture, appeals a trial court judgment affirming an order by John J. O'Hayre, Fire Chief of West Adams County Fire Protection District (Fire Chief), requiring the owner of the Bronco Inn property, Metro Hospitality

Group, Inc. (Metro), to maintain access for emergency vehicles across Northglenn's property. We affirm in part and reverse in part.

In 1978, Northglenn's predecessor entered into a lease agreement with the then owners of the Bronco Inn property in which the owners granted an easement for the benefit of the Bronco Inn, its customers, its patrons, its employees, and its successors and assigns for ingress/egress over Northglenn's property. This easement has also been used by emergency vehicles in order to gain access to the Bronco Inn property.

In September 1992, Northglenn installed steel posts across the access road so as to prevent vehicles from driving across its property in order to gain access to the Bronco Inn property. In addition, Northglenn painted its property with parking lines so its customers would use the area as parking. Shortly thereafter, the Fire Inspector for the West Adams County Fire Protection District (District) notified Northglenn that it was in violation of the County Fire Code because it had blocked the emergency vehicle access road to the Bronco Inn property. The District also ordered Northglenn to keep the access road open and unobstructed.

Northglenn complied with the order but petitioned the Fire Chief for a hearing. At the time of the hearing, Commercial Federal Bank was the owner of the Bronco Inn property and an alleged assignee under the terms of the lease agreement. Since that time, ownership of the Bronco Inn property has apparently been transferred to Metro which was, thereafter, joined as a party.

The easement was conditioned upon the lessee maintaining a motel, restaurant, and lounge upon a portion of the premises. Because there is an allegation that this condition has failed, there exists a legitimate controversy as to whether the easement is currently enforceable. Thus, the Fire Chief was well aware that Northglenn was contending that Metro does not have an easement over Northglenn's property under the lease.

At the hearing before the Fire Chief, the District presented testimony that the route over the easement had been used as an access road to the Bronco Inn property by the owners, the public, and emergency vehicles. In addition, the District presented testimony that because of the size and configuration of the Bronco Inn, the property required two emergency vehicle access roads from public streets and that the route in question across Northglenn's property had been used as that second emergency vehicle access road to the Bronco Inn property.

While Northglenn did not dispute this evidence, it argued that the District had no authority to require Northglenn to maintain access to the Bronco Inn property over its own property in the event that the easement no longer existed. The District, on the other hand, argued that because of the historical use of the subject route, it could require the Bronco Inn property owners to maintain the access road over Northglenn's property. However, the District did admit that if the easement no longer existed, its requirement that the Bronco Inn property have two emergency vehicle access roads would be enforced against the owners of the Bronco Inn property and not Northglenn.

Northglenn contends that the Fire Chief exceeded his jurisdiction and authority by requiring Metro to maintain an ingress/egress access road for emergency vehicles over Northglenn's property. We agree.

Section 32–1–1002(3)(b)(I), C.R.S. (1994 Cum.Supp.) vests the Fire Chief in each fire protection district with the authority to enforce all laws of the state and ordinances and resolutions of the appropriate political subdivisions relating to the prevention of fires. The city of Northglenn, in which the subject property lies, has adopted the Uniform Fire Code as a city ordinance.

Uniform Fire Code § 10.207(b) provides that fire apparatus access roads shall be required for every building when any portion of an exterior wall of the first story is located more than 150 feet from the fire department vehicle access. In addition, it provides that when it is determined by the fire chief that access by a single road may be impaired by vehicle congestion, condition of terrain, climatic conditions, or other factors that could limit access, more than one fire apparatus road may be required. Furthermore, Uni-

form Fire Code § 10.207(k) provides that the required width of any fire apparatus access road shall not be obstructed in any manner.

These statutory provisions and Northglenn ordinances demonstrate that the Fire Chief has the authority to order Metro, as the owners of the Bronco Inn property, to maintain a second fire apparatus access road when the Fire Chief determines that access by a single road may be impaired. Thus, as to the Fire Chief's order that Metro maintain a second fire apparatus access road to the Bronco Inn property, such order was within the Fire Chief's jurisdiction. Moreover, competent evidence in the record supports his decision. *See Ross v. Fire & Police Pension Ass'n*, 713 P.2d 1304 (Colo.1986).

However, to the extent that the Fire Chief ordered Metro to maintain the emergency vehicle access road over Northglenn's property, he exceeded his jurisdiction and authority. By ordering Metro to maintain the access road over Northglenn's property, the Fire Chief implicitly ruled that Metro had a valid easement over Northglenn's property under the disputed lease agreement. Such action by the Fire Chief is well outside the scope of his limited jurisdiction and authority.

Accordingly, the order is affirmed to the extent that it requires Metro, as the owner of the Bronco Inn property, to maintain a second fire apparatus access road to its property but is reversed as to any express order that Metro be permitted to maintain this access road over Northglenn's property along the route established by the prior easement to its lessee.

CRISWELL and CASEBOLT, JJ., concur.